UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
~~SOUTHERN~~ DIVISION
*NORTHERN*

2005 OCT 13  P 3: 45

| | | |
|---|---|---|
| GILBERTO SANCHEZ, M.D., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 2:05CV986D |
| | ) | |
| ROSEMARY L. MELVILLE, District | ) | |
| Director, Atlanta District, Citizenship | ) | |
| and Immigration Services, in her official | ) | |
| capacity; and ROBERT DIVINE, Acting | ) | |
| Commissioner, Citizenship and Immigration | ) | |
| Services, in his official capacity, | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT FOR MANDAMUS

The plaintiff, Gilberto Sanchez, by and throug his counsel of record, hereby files his claim for relief and states as follows:

1. This is a civil action brought pursuant to 8 U.S.C. §1329, and 28 U.S.C. §1331 and §1361 to redress the deprivation of rights, privileges and immunities secured to plaintiff, by which statutes jurisdiction is conferred, and to compel defendants to perform a duty that defendants owe to plaintiff. Jurisdiction is also conferred by 5 U.S.C. §704.

2. This action is brought to compel defendants and those acting under them and pursuant to their authority to render a decision on applications filed with the defendants to accord the plaintiff status as a designated civil surgeon, under 8 U.S.C. §1222(b) and 8 CFR §232.2(b).

3. Plaintiff Gilberto Sanchez is a U.S. citizen residing in the City of Montgomery, County of Montgomery, State of Alabama. Plaintiff's business is a family medical practice located at 4143 Atlanta Highway, Montgomery, Alabama.

4.   Defendant Rosemary L. Melville is District Director of Citizenship and Immigration Services ("CIS") for the Atlanta District of the U.S. Department of Homeland Security, and is charged by law with the statutory obligation to adjudicate petitions for immigration benefits and to appoint designated civil surgeons in the geographic area under her jurisdiction, which includes Montgomery County, Alabama.

5.   Defendant Robert Divine is Acting Commissioner of Citizenship and Immigration Services of the U.S. Department of Homeland Security, and is charged by law with the statutory obligation to supervise immigration officers under his direction and control, including defendant Melville.

6.   On December 30, 2004, plaintiff entrusted to the U.S. Postal Service his application to be appointed a designated civil surgeon, address to defendant Melville, and sent via certified mail, return receipt requested, on said date.  The return receipt card, made a part of this complaint as an exhibit, shows that plaintiff's mail was signed for and received by the CIS Atlanta District Office on January 4, 2005.  Plaintiff received no response from defendant Melville with regard to this application.

7.   On June 3, 2005, plaintiff entrusted to the U.S. Postal Service his second application to be appointed a designated civil surgeon, addressed to defendant Melville, and sent via certified mail, return receipt reqauested, on said date.  The return receipt card, made a part of this complaint as an exhibit, shows that plaintiff's mail was signed for and received by the CIS Atlanta District Office on June 6, 2005.  Plaintiff received no response from defendant Melville with regard to this second application.

7.   Upon information and belief, the plaintiff is of the opinion and hereby asserts that he is due a response from defendant Melville with respect to two applications to be designated a civil surgeon in the Montgomery, Alabama, area, where no designated civil surgeon currently exists.  Persons who apply for immigration benefits and who must comply with CIS medical requirements must travel to

Birmingham, Alabama, or to Columbus, Georgia, where the nearest designated civil surgeons maintain their offices.

10. The willful and unreasonable inaction by defendants deprives the plaintiff of an opportunities to serve persons in the Montgomery, Alabama, and central Alabama areas in their efforts to obtain CIS-mandated medical examinations from designated civil surgeons, whose designation is exclusively under the defendants' control.

11. Defendants owe plaintiff a duty to act upon his applications to be appointed a designated civil surgeon and have unreasonably failed to perform that duty.

12. Plaintiff has exhausted any administrative remedies that may exist.

13. Defendants have willfully and unreasonably failed to act in considering the plaintiff's applications to be appointed a designated civil surgeon, thus depriving him of consideration to which he is entitled under the Immigration and Nationality Act and Title 8 of the Code of Federal Regulations as above-cited.

WHEREFORE, plaintiffs pray that the Court will:

(1) Compel defendants and those acting under them to perform their duties and obligations under their authority, and to render decisions with regard to the plaintiff's applications to be appointed a designated civil surgeon;

(2) Grant such other and further relief this Court deems proper under the circumstances; and

(3) Grant attorney's fees and costs of court.

Respectfully submitted on this 12th day of October, 2005.

BOYD F. CAMPBELL        ASB-8517-C66B
Attorney for Plaintiff

COUNSEL'S ADDRESS:
BOYD F. CAMPBELL, L.L.C.
441 Martha Street
P.O. Box 11032
Montgomery, Alabama 36111-0032
Tel (334) 832-9090
Fax (334) 832-9090

"My name is Gilberto Sanchez, and I am the plaintiff in the above-styled cause. I hereby swear and affirm, having been duly sworn, and placed under oath, that the foregoing complaint is true and correct according to the best of my knowledge, information and belief."

GILBERTO SANCHEZ, M.D.

STATE OF ALABAMA            )
                            )
COUNTY OF HOUSTON           )

Before me, a Notary Public for the State at Large, appeared Veronica Lee Philpot, who is known to me and, having been first duly sworn, acknowledged before me that the foregoing is true and correct to the best of her knowledge, information, and belief.

Sworn before me on the _12th_ day of October, 2005.

NOTARY PUBLIC
My Commission expires: 02|07